# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs February 29, 2012

## MILTON LEE COOPER v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
No. 5446      Robert E. Cupp, Judge

**No. E2011-00783-CCA-R3-HC-FILED-APRIL 30, 2012**

Petitioner, Milton Lee Cooper, appeals the Johnson County Criminal Court's summary dismissal of his petition for writ of habeas corpus. In this appeal, petitioner claims entitlement to habeas corpus relief because of alleged jurisdictional defects in the indictment. He also contends that the trial court constructively amended the indictment by its jury instructions. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, J., joined. JERRY L. SMITH, J., not participating.

Milton Lee Cooper, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

### I. Procedural History

A Hamilton County jury convicted petitioner of felony murder and conspiracy to commit aggravated robbery. The trial court sentenced petitioner to life imprisonment for the murder conviction and eight years for the conspiracy conviction. This court affirmed the convictions and sentences on direct appeal, and the supreme court denied permission to appeal. *State v. Milton Lee Cooper*, No. 03C01-9706-CR-00202, 1998 WL 573409 (Tenn. Crim. App. Sept. 9, 1998), *perm. app. denied* (Tenn. March 8, 1999). Subsequently, petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel

at trial and on appeal. This court affirmed the denial of post-conviction relief, and our supreme court again declined review. *Milton Lee Cooper v. State,* No. E2001-01527-CCA-R3-PC, 2002 WL 31548093 (Tenn. Crim. App. Nov. 18, 2002), *perm. app. denied* (Tenn. March 17, 2003).

On April 30, 2009, petitioner filed a petition for writ of habeas corpus in the Criminal Court for Johnson County. Respondent, the warden, filed a motion to dismiss, which the habeas corpus court granted on December 20, 2010. Petitioner, however, did not receive a copy of the order until February 10, 2011, whereupon petitioner filed a Motion for Relief from Judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. As a result, the habeas corpus court vacated its December 20, 2010 order and re-entered the order dated March 24, 2011. Petitioner then filed a timely notice of appeal.

In support of his petition for habeas corpus relief, petitioner alleges that the indictment by which the State charged and ultimately convicted him is faulty in several ways. He contends that the indictment does not include the element of a culpable mental state; that the trial court constructively amended the indictment through its instruction to the jury regarding requisite intent as an element of the offense; and that a conviction for felony murder based upon the predicate felony of especially aggravated robbery is not legally possible. Finding no basis for habeas corpus relief, we affirm the judgment of the habeas corpus court.

## II. Analysis

The State claims that petitioner waived his right to appellate review by failing to prepare an adequate record on appeal. *See* Tenn. R. App. P. 24. As grounds, the State argues that the petition for habeas corpus relief filed by petitioner was insufficient because it did not have a complete copy of the judgment attached to it. *See* Tenn. Code Ann. § 29-21-107(b)(2) (2000). The State contends that the failure to attach a complete copy of the judgment was an adequate basis upon which the habeas corpus court could have summarily dismissed the petition. However, petitioner alleges defects in the indictment, not the judgment. Petitioner is not claiming that he has been restrained of liberty by virtue of a defective judgment. *See id.*

The habeas corpus court properly considered the substance of the petition over the form and summarily dismissed the petition on the basis that petitioner failed to raise cognizable claims for habeas corpus relief and because the judgment was facially valid. Under the circumstances, we have concluded that we should review the decisions reached by the habeas corpus court and its rationale in reaching those decisions. *See, e.g., Michael Lee McKinney v. State*, No. E2011–00681–CCA–R3HC, 2011 WL 5560572, at *3-4 (Tenn.

Crim. App. Nov. 14, 2011)[1] (noting that when the habeas corpus court addressed procedural defects in the petition and also the merits of the petition, this court will also conduct a merits review). Thus, we will conduct a full review of the habeas corpus proceedings below.

The trial court's decision with respect to a petition for writ of habeas corpus is a question of law that we review de novo without a presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired. *Id.* "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* (quoting *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). Conversely, a voidable conviction or sentence appears facially valid and requires the introduction of proof beyond the face of the record or judgment to determine its deficiency. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes*, 978 S.W.2d at 529). The proper method for attacking a voidable judgment is by a petition for post-conviction relief, not habeas corpus. *Id.* (citing *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)).

In habeas corpus proceedings, a petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A habeas corpus court may summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if the face of the record or judgment fails to indicate that the convictions or sentences are void. Tenn. Code Ann. § 29–21–109 (2000); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

In this appeal, petitioner challenges the validity of the indictment. Petitioner maintains that the indictment is facially deficient and void because it did not specify a culpable mental state. A valid indictment is an "essential jurisdictional element" to any prosecution. Clearly, a defective indictment may deprive a trial court of jurisdiction. *Hart*, 21 S.W.3d at 903 (citing *Dykes*, 978 S.W.2d at 529). While challenges to the sufficiency of an indictment are not properly cognizable in habeas corpus proceedings, an indictment may be challenged through a petition for habeas corpus when the indictment is so defective as to deprive the trial court of jurisdiction to enter a judgment. *Haggard v. State*, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971); *Dykes*, 978 S.W.2d at 529. Our review of whether the indictment is void on its face is determinative of this case.

---

[1] In *Michael Lee McKinney*, this court embarked upon a merits review, but ultimately held that the sparsity of the appellate record precluded said review. In the instant case, a portion of the judgment is missing because of the manner in which it was copied. However, petitioner does not seek relief based on a defect in the judgment. Rather, he complains of defects in the indictment. The record contains an incomplete copy of the indictment, which Petitioner replaced with an accurate copy by way of a pleading entitled "Notice of Introduction of Evidence."

The indictment charging petitioner with felony murder cited Tennessee Code Annotated section 39-13-202, the appropriate statute in the criminal code. Tenn. Code Ann. § 39-13-202 (1991). Petitioner was indicted in 1995 while the 1991 replacement volume of the Tennessee Code Annotated was the governing law. The statute in place at the relevant time included a culpable mental state of "reckless" killing of another. *Id.* The indictment charging petitioner with felony murder tracked the language of the statute.

Petitioner's argument hinges on his contention that the indictment charging him with felony murder did not contain "intentional" as a culpable mental state. The indictment clearly indicated the required element of "reckless." While the 1991 felony murder statute included the culpable mental state of "reckless," the current felony murder statute does not include an element of a culpable mental state within the statute. The failure to include the culpable mental state of "intentional" in the indictment did not render it void. The indictment would have been valid under The Sentencing Reform Act of 1989 even if it had no culpable mental state included.

The Sentencing Reform Act of 1989 provides that a culpable mental state is required for conviction of an offense unless the statutory definition of the offense "plainly dispenses with a mental element." *State v. Hill*, 954 S.W.2d 725, 728 (Tenn. 1997) (quoting Tenn. Code Ann. § 39–11–301(b) (1991)). When a statute omits reference to a specific *mens rea*, but does not plainly dispense with the requirement of a culpable mental state, proof of "intent," "knowledge," or "recklessness" will implicitly establish a culpable mental state. *Id.* (citing Tenn. Code Ann. § 39–11–301(c) (1991)). The current felony murder statute does not expressly require a culpable mental state, yet neither does it clearly dispense with the requirement. *See* Tenn. Code Ann. § 39-13-202 (2010). This court has addressed the issue of the intent requirement for conviction of this offense. The court stated, "There is no culpable mental state required for felony murder, other than the intent to commit the underlying felony." *State v. Charles Rice*, No. W2002-00471-CCA-R3-DD, 2004 WL 1553563, at *33 (Tenn. Crim. App. July 9, 2004), *aff'd* 184 S.W.3d 646 (Tenn. 2006) (citing Tenn. Code Ann. § 39–13–202(b)). Since petitioner was indicted for felony murder committed during the commission of especially aggravated robbery, the requisite intent can be gleaned from the robbery statute.[2] That statute defines robbery as: "[t]he *intentional* or *knowing* theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a) (1991) (*emphasis added*). Thus, the State must have established that petitioner intentionally or knowingly committed or attempted to commit especially aggravated robbery. Because the indictment set forth the specific underlying

_____

[2] The elements of especially aggravated robbery, as defined in § 39-13-403, incorporate all elements of § 39-13-401 (robbery), with the additional requirements of use of a deadly weapon and serious bodily injury. However, for purposes of discussing the requisite intent, this court has referenced the robbery statute, as it contains the pertinent language regarding the culpable mental state.

felony supporting the felony murder charge, the requisite mental state was easily obtainable by reviewing the robbery statute, providing adequate notice to petitioner of the charge against him.

Our conclusion is consistent with the rationale in *Hill*. In deciding the same issue in a case involving aggravated rape, a criminal offense which, like felony murder, lacked specific statutory designation of a culpable mental state, the supreme court said:

> Since a plain reading of Tenn. Code Ann. §§ 39–11–301(b) and (c) leads us to conclude that the Legislature intended that a culpable *mens rea* be an element of the offense of aggravated rape, the question here is whether failure to allege such *mens rea* in an indictment charging that offense constitutes a fatal defect rendering the indictment void. We hold that for offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as the language of the indictment is sufficient to [:]
>
> > (1)    meet the constitutional requirements of notice to the accused of the charge against which the accused must defend[;] [provide] adequate basis for entry of a proper judgment[;] and protect [the accused] from double jeopardy;
> >
> > (2)    the form of the indictment meets the requirements of Tenn. Code Ann. § 40–13–202; and
> >
> > (3)    the mental state can be logically inferred from the conduct alleged.

*Hill*, 954 S.W.2d at 726–27. The "touchstone" for constitutionality of the indictment hinges upon adequate notice to the accused. *Id.* at 727.

With notice as the constitutional "touchstone," petitioner had ample notice of the offenses with which he was charged and the elements that the State had to prove to convict him. Petitioner would have had either actual or constructive notice that the State must have proven the culpable mental state of "intentionally" or "knowingly" for the underlying felony. Petitioner also had means by which to discover that absent a clear legislative intent to dispense with the requirement of a culpable mental state, the requisite mental state of either "intent," "knowledge," or "recklessness" would be implied. *See* Tenn. Code Ann. § 39–11–301(c) (1991). "'Intentional' is the highest, most demanding mental state and

encompasses both 'knowing' and 'reckless.'" *Charles Rice,* 2004 WL 1553563, at *33 (citing Tenn. Code Ann. § 39–11–301(a)(2)). Finally, following the rationale of the *Hill* court, the petitioner could logically infer the required mental state from the conduct alleged. *Hill,* 954 S.W.2d at 726–27.

The indictment referenced the statute defining felony murder and described the offense, which provided notice to petitioner of the charged offense. Thus, the indictment was sufficient to confer jurisdiction on the trial court to enter a valid judgment. *See State v. Sledge,* 15 S.W.3d 93, 94 (Tenn. 2000). The indictment provided petitioner with constitutional protection against double jeopardy in that, together with identifying the charged offense, the indictment identified the date of the offense. *See Wyatt v. State,* 24 S.W.3d 319, 323 (Tenn. 2000). Petitioner's indictment was sufficient to provide petitioner with all required constitutional protections as well as to establish jurisdiction for the court to enter a valid judgment against petitioner. *Dykes,* 978 S.W.2d at 529. We hold that the indictment charging petitioner with the offense of felony murder passes constitutional muster, meets Tennessee's statutory requirements of notice, is correct in form, and is, therefore, valid.

Petitioner also argues that the deficiency in the indictment was further compounded by the trial court's "constructive amendment" to the indictment via the jury instructions. He asserts that the trial court erred, and effectively amended the indictment, by charging the jury that "the killing was committed in the perpetration of *or the attempt to perpetrate* the crime of especially aggravated robbery" when the indictment only charged that he "did unlawfully and recklessly kill [victim] *during the perpetration of* especially aggravated robbery." (*emphasis added*). Petitioner also finds error with the trial court's instruction that he "*intended* to commit" said crime, in light of his argument, *supra,* concerning the omission of a specific culpable mental state in the indictment. (*emphasis added*).

The alleged defect in the jury instructions, even if true, would render petitioner's conviction voidable, not void. *Danny Ray Lacy v. Cherry Lindamood,* No. M2009-00072-CCA-R3-CO, 2009 WL 3029619, at *2 (Tenn. Crim. App. Sept. 22, 2009) (citing *Rain Thomas Chesher v. Stephen Dotson, Warden,* No. W2008-00739-CCA-R3-HC, 2008 WL 3892017, at *2 (Tenn. Crim. App. Aug. 22, 2008), *perm. app. denied* (Tenn. Jan. 20, 2009)); s*ee also Ronald Eugene Gilmore v. Kenneth Locke, Warden,* No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *4 (Tenn. Crim. App. Mar. 30, 2006) (holding that "'[e]rroneous jury instructions meet none of the . . . requirements for habeas corpus relief. The only method of collaterally attacking the judgment because of constitutional deprivations occasioned by erroneous jury instructions is by petition for post-conviction relief;'") (quoting *Willie Edward Thornton v. Fred Raney, Warden,* No. 02C01-9302-CC-00025, 1994 WL 25827, at *1 (Tenn. Crim. App. Jan. 26, 1994)); *John Haws Burrell v. Howard Carlton, Warden,* No. E2004-01700-CCA-R3-HC, 2005 WL 544732, at *2 (Tenn. Crim. App. Mar. 8, 2005) (concluding that, taking as true petitioner's argument that trial court's jury

instructions were erroneous, error "would merely render the convictions voidable, not void"); *Vance McCaslin v. State*, No. 01C01-9611-CC-00480, 1998 WL 44919, at *1 (Tenn. Crim. App. Feb. 5, 1998) (emphasizing that erroneous jury instructions do not entitle petitioner to habeas corpus relief). Thus, adhering to our long standing precedent, petitioner's allegations regarding erroneous jury instructions would render his conviction merely voidable, not void, and as such, provide no grounds for habeas corpus relief. The habeas corpus court properly denied relief as to this issue.

As a final issue, petitioner argues that a conviction for felony murder with the intent to commit especially aggravated robbery is not legally cognizable, thus implying that especially aggravated robbery is not a predicate felony for conviction of felony murder. We agree with the State that this issue is merely a rehash of petitioner's challenge to the sufficiency of the indictment.

Petitioner contends that the alleged conflict between the statutorily-defined culpable mental states required for the offenses of felony murder and especially aggravated robbery renders conviction improper under the theory of felony murder. Defenses and objections based on defects in the indictment must be raised prior to trial. Tenn. R. Crim. P. 12(b)(2). Notwithstanding, we have concluded in our previous review of the indictment that the indictment in petitioner's case is valid. Next, to the extent that petitioner's assignment of error involves a variance in the intent elements as set forth in the indictment and as instructed at trial, resolution of this issue is encompassed by our holding, *supra*, regarding the unavailability for habeas corpus review of jury instructions. Petitioner is not entitled to habeas corpus relief on this claim of error.

## III. Conclusion

After a thorough review of the record and the applicable law, we discern no error in the court's summary dismissal of the petition for writ of habeas corpus. Therefore, we affirm the judgment of the habeas corpus court.

_____
ROGER A. PAGE, JUDGE